Dear Abel Acosta                                    10-23-15

    Enclosed is a copy of my rebuttal to the State's answer to application for writ of Habeas Corpus, A copy of this was sent to Denton County District Court on 10-15-15 and I just wanted to foward you a copy

                     Thanks and God Bless

                     #1846846
                     Stiles Unit
                     3060 Fm 3514
                     Beaumont, Tx. 77705

**RECEIVED IN**
COURT OF CRIMINAL APPEALS
OCT 28 2015
AbelAcosta. Clerk

83,999-01

CAUSE NO. F-2011-0122-D (whc-1)

Ex Parte

§
§
§
§

KEVEN YOUNG

IN THE 362ND JUDICIAL
DISTRICT COURT OF
DENTON COUNTY, TEXAS

APPLICANT'S REBUTTAL TO THE STATE'S
ANSWER TO APPLICATION FOR WRIT OF HABEAS CORPUS
PURSUANT TO T.C.C.P. 11.07

The Applicant, seeking relief through a writ of habeas corpus, rebuts the State's answer to his application and would show in support the following:

I.

The State alleges that the Applicant's first ground for relief is not cognizable in Writs of Habeas Corpus. The State is in error. It is the function of the appellate courts (including courts of collateral review) to ensure that NO ONE is convicted of a crime except upon sufficient proof beyond a reasonable doubt. To do so and refuse to review such a conviction would be a violation of both State and Federal Constitutions. see: Laster v. State, 275 S.W.3d 512 (Tex.Crim.App.2009); Ex parte Young, 213 S.W.3d 327 (Tex.Crim.App.2006)

> "It is the function of the appellate courts to ensure that no one is convicted of a crime except, upon proof beyond a reasonable doubt "

See also: U.S. v. Michelena-Orovio, 719 F.2d 738 (5th Cir. 1983) (En Banc)

> "The reviewing court must act as a due process safeguard. Due process protects the accused against a conviction except upon proof beyond a reasonable doubt, of every fact necessary to constitute the crime with which he was charged."

The Applicant asserts that for a state habeas court to not act

1.

as such a Due Process safeguard would be clearly contrary to established federal law determined by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, which is the standard of review for insufficiency of evidence arguments. see: Wooten v. Thaler, 598 F.3d 215 (5th Cir. 2010)

> "A state court's decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth by the United States Supreme Court."

The State's insistence on non-cognizability would in fact be an application of such a contrary rule that would contradict clearly established Federal law.

The Applicant asserts that the State would prefer no review, since pursual of the Applicant's assertation of the insufficiency of the evidence will reveal no direct evidence, but will show evidence that is contrary to the evidence the State has used to support his conviction for the charge of murder. The Applicant asserts in fact, that the only evidence to State presented was the unreliable and inconsistent testimony by its two primary witnesses. This includes testimony that alleged Ebony Chandler called 911 from her cellphone when the facts show that did not happen. LaShondra Chandler's testimony that she may not even have saw a gun, which is inconsistent with her prior statements, along with testimony so inconsistent with their prior statements so numerous as to require their own brief. see Graves v. Dretke, 442 F.3d 334 (5th Cir. 2006)

> "Evidence of testimony that is inconsistent with the State's primary witnesses prior statements are material to a criminal defendant's conviction. And these inconsistencies render the witnesses testimony unreliable."

II.

The State claims that the State's expert witness did not falsely

2.

testify because the State claims that the State's expert Kelly Belcher testified that she did not find any gunpowder on LaShondra Chandler as opposed to gunshot primer, and found only one particle of gunshot primer residue on Ebony Chandler. This is not only inconsistent with Ms. Belcher's own report, but clearly FALSE testimony. Ms. Belcher's report clearly states that gunshot residue was discovered on LaShondra Chandler and gunshot primer AND gunshot residue was found on Ebony Chandler, but Ms. Belcher testified that only a single particle was found on Ebony Chandler. The Applicant asserts that the governing principle concerning false testimony is clear. The prosecutor may not knowingly use false testimony or testimony they should have known was false. The prosecutor knew Ms. Belcher's report was in fact inconsistent with her testimony. The prosecutor deliberately and knowingly trivialized the fact that the only Direct evidence that existed in this case, was evidence discovered on the prosecutor's two primary witnesses, NOT THE APPLICANT, and the prosecutor knowingly used these vague statements and half-truths that gave a false impression to the jury in order to obtain the Applicant's conviction. see: U.S. v. Freeman, 650 F.3d 673 (7th Cir. 2011)

> "The prosecutor may not use testimony he knew or should have known was false. This includes half truths and vague statements that could be true in a limited sense, but gives a false impression to the jury."

The State's argument that Ms. Belcher did not actually testify to whether any particles of gunshot residue were found, therefore she did not testify falsely is the same kind of half-truth meant to mislead this honorable court, much like the prosecutor in Freeman, (State's answer,pp.5). The State's claim that the particles this Applicant can show as direct evidence found on its

3.

witnesses are common to the environment is also a false statement. Particles that contain a combination of Barium, antimony, and lead would only be common in the environment of a gunshop or a murder suspect, not the home of two women and several children who did not allegedly possess a firearm. Barium, Antimony, and Lead are common to a firearm and commonly found on people who fire them. It is indisputable that Mr. Poe was killed by a gunshot to the head and it is also indisputable that gunshot residue was found on the State's two primary witnesses and Ms. Belcher falsely testified. It is more that reasonable that Ms. Belcher's false testimony affected the judgment of the jury and as a result, requires a new trial. see: Hayes v. Brown, 399 F.3d 972 (9th Cir. 2009)(En Banc)

> "A new trial is required if the false testimony could in any reasonable likelihood have affected the judgment of the jury."

## III.

The State once again alleges that the Applicant's third ground for relief is not cognizable in Writs of Habeas Corpus'. Again, the State is in error. An abuse of discretion by the trial court in allowing the State to bias prospective jurors, in defining "beyond a reasonable" doubt, by giving the State's opinion of what it isn't, allowing the State to admit impeachment evidence that is inadmissable, having no elemental or evidentiary value, but strictly meant to prejudice the Applicant, allowing the prosecutor to give instructions to the jury and allowing the jury to speculate as to the GSR test is; a clear violation of the Applicant's right to due process under both State and Federal Constitutions.

The right to due process is a fundamental, constitutional right and may not be impinged. The Court of Criminal Appeals has the power

4.

and authority to grant and issue Writs of Habeas Corpus and has final appellate and review jurisdiction in criminal cases. see: Tex. Code Crim. Proc. Art. 4.04, §(1)(2)

> "The Court of Criminal Appeals and each judge thereof shall have power and authority to grant and issue writs of habeas corpus in criminal law matters and has final appellate and review jurisdiction in criminal cases."

The Applicant asserts that the State's claim of non-cognizability would violate this statute and the Applicant's constitutional rights, since the Court of Criminal Appeals has the authority to issue final judgment in criminal cases pursuant to Rule 78.1 of the Tex.R.App. Proc.

The Applicant also asserts that a trial court that admits evidence that is otherwise inadmissible or allows evidence that has caused an injurious effect on the jury's verdict has abused its discretion and violated a criminal defendant's right to due process. see: Brown v. State, 96 S.W.3d 508 (Tex.Crim.App.2002); King v. State, 953 S.W.2d 266 (Tex.Crim.App.1997); Tex.R.App.Proc. 44.2

> "A trial court's errors, seperately and together in admitting evidence that has an injurious effect on a jury's verdict is an abuse of discretion and a violation of a criminal defendant's right to due process."

## IV.

The State alleges that the Applicant's trial counsel was not ineffective. At the time the Applicant was charged with Capital Murder, the potential for the State to seek the Death Penalty clearly existed. The State's claim that since the State did not eventually seek the death penalty, the Applicant's appointed counsel was not required to meet the higher qualification standards required. Neither the Court, the Applicant, or counsel knew the State's strategy or whether or not the State would seek the death penalty. The trial court had an independant duty to

5.

ensure the Applicant was appointed effective assistance of counsel, qualified to fairly represent accused. Counsel that is not qualified, is incompetent as a matter of law, amounting to no legal representation. This is constructive ineffectiveness. see: Rodriguez v. State, 340 S.W.3d 61 (Tex.Crim.App.2011); Williams v. State, 870 S.W.2d 343 (Tex.App.-Fort Worth 1994)

> "Representation by counsel incompetent as a matter of law is tatamount to no legal representation at all."

Trial counsel clearly should have objected to the admissability of the 911 call since the orgin of the call itself was in question and the evidence was clearly in conflict with Ebony Chandler's testimony that she made the 911 call from her cellphone. The State's claim that the 911 dispatcher testified that the call came from the home where the murder took place is inaccurate. There was no land line in the home of Ebony Chandler and her cell phone records clearly showed that no 911 call was placed from her cell phone. Therefore, there was no evidence that showed where the call came from or even if the caller the dispatcher talked to was Ebony Chandler. Any constitutionally effective counsel would have known to object to such evidence. Had trial counsel objected, there is a reasonable probability that the outcome may have been different. Counsel's failure to do so resulted from deficient performance, NOT any sound trial strategy. see: Wiggins v. Smith, 539 U.S. 510,527, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)

> "Counsel's failure resulted from inattention, not reasoned strategic judgment."

Counsel was also ineffective for presenting an expert for the defense that failed to even attempt to contravert the set of facts alleged by the State. This caused the Applicant harm. The State's claim that since counsel had devised the strategy of (some other dude did

6.

it) and so the expert agreed that evidence of GSR did not matter, counsel was not ineffective is also inaccurate. Counsel knew that the State's expert gave false testimony and any constitutionally effective counsel would have used Ms. Belcher's own GSR report and defense's expert to impeach such testimony. see: Fuller v. State, 224 S.W.3d 823 (Tex.App.-Texarkana 2007)

> "Counsel's failure to object to inadmissable testimony
> was no strategy and counsel was ineffective."

Finally, the State's claim that the Applicant alleges that counsel should have objected to State's closing argument is inaccurate. The Applicant alleges that his counsel should have objected to the State giving the jury instructions, which is the duty of the trial court, not the State. The Applicant asserts that the totality of counsel's deficient performance prejudiced the Applicant's defense. see: Aldrich v. State, 296 S.W.3d 225 (Tex.App.-Fort Worth 2009)

> "Aldrich has established by a preponderance of the
> evidence that the totality of counsel's constitutionally
> deficient performance prejudiced his defense."

V.

The State claims the Applicant's appellate counsel was not ineffective. The Applicant asserts that he has shown by more than a preponderance of the evidence that his appellate counsel was constitutionally ineffective  Applicant's trial counsel failed to present the issue of the State's expert, rendering false testimony. The testimony and the GSR report were both contained within the record. Had the Applicant's appellate counsel been familiar with the facts relevant to the Appliant's case, counsel would have known to raise this ground. Appellant counsel also failed to consult with the Applicant or allow the Applicant to participate in his appeal.

7.

Had appellate counsel done so, there is a reasonable probability that the Applicant's conviction would have been reversed. see: Ex parte Crow, 180 S.W.3d 135 (Tex.Crim.App.2005)

"Applicant was entitled to be in the appellate process."

See also: Franklin v. Anderson, 434 F.3d 412 (6th Cir. 2006)

> "Counsel displayed a lack of familiarity with the facts relevant to the appellate's case. Failed to consult with the appellant or allow appellant to participate in his appeal. Counsel also failed to raise meritorious issues on direct appeal and as a result is constitutionally ineffective."

The Applicant also asserts that his appellate counsel failed to adequately brief one of the only two grounds he attempted to raise. The appeal court itself made comment on appellate counsel failing to cite from the record or authority on the ineffective assistance of counsel claim and as a result, refused to review it. Any constitutionally effective counsel would have known to cite from the record and to authority to substantiate this claim. Particularly in a system that the Supreme Court of the United States recently determined does not offer criminal defendant's an meaningful opportunity to present an Ineffective Assistance of Counsel claim on Direct Appeal. Had Applicant's appellate counsel done so, counsel would not have defaulted such a meritorious claim. see: Trevino v. Thaler, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013)

> "The Texas procedural system as a matter of structure, design and operation, does not offer defendant's a meaningful opportunity to present a Ineffective Assistance of Counsel claim on direct Appeal."

## CONCLUSION

The Applicant asserts that he has shown a reasonable probability that there exists sufficient error to undermine confidence in the

8.

outcome and fundamental fairness of his trial and as a result his conviction should be reversed and remanded for a new trial.

## PRAYER FOR RELIEF

Wherefore premise having been considered, the Applicant prays this Honorable Court find that his application for Habeas Corpus be GRANTED, AND recommend to the Court of Criminal Appeals that it should do so.

Respectfully Submitted,

/s/ Keven Young

Keven Young
TDCJ-ID #1846840
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

Pro-se

## DECLARATION

I, Keven Young, TDCJ-ID No.1846840, being presently incarcerated at the Mark W. Stiles Unit in Jefferson County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Executed on *September 30*, 2015.

/s/ Keven Young

Keven Young

Denton County District Clerk
P.O. Box 2146
Denton, Texas 76202-2146

RE: Filing Applicant's Rebuttal to State's Answer of 11.07

SUBJECT:

Please file and forward to the proper official the enclosed

Rebuttal to the State's Answer to Applicant's Application for

Writ of Habeas Corpus for review.

For any questions, I can be reached at the address below.


Respectfully Submitted,

/s/ Keven Young

Keven Young
TDCJ-ID #1846840
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Texas 77705